# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARMON COATS, | 1:08-cv-00666 LJO DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| DAN SMITH, Warden | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### BACKGROUND

Petitioner was arrested by the Fort Worth Texas Police Department on August 25, 1993, for aggravated robbery. See Hazelton Declaration, Exhibit 1, ¶ 3 and Exhibit 2, attached to Answer. On November 4, 2003, Petitioner was indicted in the United States District Court for the Northern District of Texas, for one count of bank robbery, three counts of obstruction of commerce by robbery, and four counts of using and carrying a firearm during a crime of violence. Exhibit 1, § 3.

On November 10, 1993, a writ of habeas corpus ad prosequendum was issued for the production of Petitioner from Tarrant County, Texas, to the Northern District of Texas for arraignment on the federal charges.

Petitioner was transported temporarily from Tarrant County by the United States Marshals ("USM") on November 17, 1993. Id., ¶ 5 and USM Form 129, Northern District of Texas, Exhibit 3.

1

Primary jurisdiction of Petitioner remained with the state. Exhibit 1, ¶ 5. On February 16, 1994, Petitioner was convicted on all charges in the Northern District. Exhibit 1, ¶ 6 and Judgment in a Criminal Case, Exhibit 4.

The state charge for aggravated robbery was dismissed on November 19, 1993; however, a state parole violators warrant was issued and executed on August 26, 1993, and his parole was revoked on December 17, 1993. Exhibit 1, ¶ 5 and Texas Department of Criminal Justice Data Sheet, Exhibit 5.

On May 6, 1994, Petitioner was sentenced in the District Court to a term of 802 months on the federal charges. Exhibit 1, ¶ 6 and Exhibit 4. The District Court did not indicate whether the federal term was consecutive or concurrent to the state term. Id.

On May 10, 1994, Petitioner was returned to custody of the State of Texas. Exhibit 1, ¶ 7. Petitioner completed his state term for the parole violation on October 6, 2006, and was released from state custody. Id.; Exhibit 7. Petitioner then began serving his federal sentence on October 6, 2006. Exhibit 1, ¶ 7 and USM Form 129, Exhibit 6. Petitioner's projected release date is September 3, 2064, via good conduct time. Exhibit 8, Sentencing Monitoring Computation Data.

Petitioner filed the instant federal petition for writ of habeas corpus on May 13, 2008. Respondent filed an answer to the petition on September 12, 2008, and Petitioner filed a traverse on September 30, 2008.

## DISCUSSION

I.   Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal

custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See e.g. Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Petitioner is in the custody of the United States Prison in Atwater, California, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d).

II.     Exhaustion Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The government does not contest that Petitioner has exhausted the administrative remedies. Answer, at 2.

III.    Custody Time Credit

Petitioner contends that the BOP has failed to properly calculate his sentence computation. Petition at 3. He argues that the State of Texas relinquished primary custody when it dismissed the state charges, and his federal sentence began on either August 25, 1993, November 17, 1993, or May 9, 1994. Id. at 6, 11.

A sentence cannot begin to run until the date it is imposed. United States v. Gonzalez, 192

F.3d 350, 353 (2d Cir. 1999) (stating that by attempting to "backdate" the beginning of defendant's sentence to the date of his state arrest, the district court exceeded its authority); United States v. Montez-Gaviria, 163 F.3d 697, 700-701 (2d Cir. 1998) ("The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any prior time spent in custody.")

At the time Petitioner was relinquished to the federal court he was in the primary custody of the State of Texas. The State of Texas obtained primary jurisdiction over Petitioner when it arrested him on the aggravated robbery charge. See Taylor v. Reno, 164 F.3d 440, 444-445 (9th Cir. 1998). Petitioner's federal sentence did not begin to run at the time he was transported by a federal writ of habeas corpus nor did it cause his primary custody of the State of Texas to change. Thomas v. Brewer, 923 F.2d 1361, 1365-1367 (9th Cir. 1991); Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000); Thomas v. Whalen, 962 F.2d 358, 360-361 (4th Cir. 1992); Hernandez v. United States Attorney General, 689 F.2d 915, 918 (10th Cir. 1982). When a prisoner is produced by a writ of habeas corpus, federal custody does not begin until the state authorities relinquish custody upon completion of the state obligation. See Del Guzzi v. United States, 980 F.2d 1269, 1270 (9th Cir. 1992). In addition, principles of comity require the return of the prisoner to the primary custodian when the prosecution is complete. United States v. Warren, 610 F.2d 680, 684-685 (9th Cir. 1980).

Petitioner's contention that primary jurisdiction was relinquished by the state when it dismissed the charges for which he was initially arrested is without merit because he also had a parole violator warrant that was executed on August 26, 1993. The existence of that warranted prevented the state of Texas from relinquishing jurisdiction. See Hawk v. Sherman, 2008 WL 360897 at *4, *6 (W.D. Pa. 2008) (finding that petitioner was not in exclusive federal custody due to parole violator warrant even though state charges were dismissed). Because the state had executed the parole warrant prior to Petitioner's indictment in the District Court, he remained in the primary custody of the State of Texas.

In addition, Petitioner is not entitled to double credit against his federal sentence, pursuant to 18 U.S.C. § 3585(b). Section 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -

4

    (1) as a result of the offense for which the sentence is imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence.</u>

18 U.S.C. § 3585(b) (emphasis added).

   In <u>United States v. Wilson</u>, 503 U.S. 329 (1992), the Supreme Court noted that, under section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." <u>Id</u>. at 337. Thus, pursuant to section 3585(b), Petitioner is not entitled to custody credit if it was applied toward another sentence. <u>United States v. Von Willie</u>, 59 F.3d 922, 930-931 (9th Cir. 1995); <u>United States v. Kramer</u>, 12 F.3d 130, 132 (8th Cir. 1993).

   Petitioner was first arrested by the Forth Worth, Texas, Police Department, on August 25, 1993, for aggravated robbery. <u>See</u> Exhibits 1 and 2. Then on November 4, 1993, he was indicted in the United States District Court for the Northern District of Texas, for bank robbery, obstruction of commerce by robbery, and using and carrying a firearm during the crime of violence. Exhibit 1, ¶ 3. A writ of <u>habeas corpus ad prosequendum</u> was issued on November 10, 1993, for Petitioner to appear in the United States District Court for arraignment on the federal charges. <u>Id</u>., ¶ 4. Petitioner was removed from Tarrant County by the USM on November 17, 1993. Exhibit 1, ¶ 5 and Exhibit 3. On February 16, 1994, Petitioner was convicted on all the federal charges. Exhibit 1, ¶ 6. Petitioner was sentenced to a 802 month term of imprisonment on May 6, 1994. <u>Id</u>. and Exhibit 4. Petitioner was then returned to the state upon satisfaction of the writ on May 10, 1994. Exhibit 1, ¶ 7 and Exhibit 3.

   When the BOP reviewed all of the records pertaining to Petitioner's official detention after the date of his federal offenses, it was discovered that none of the time he served in official detention from August 25, 1993 (date first arrested by Forth Worth, Texas, Police Department) to December 16, 1993 (day before sentence on state parole violation commenced) was credited toward his state sentence. As a result, Petitioner was awarded prior custody credit toward his federal term. <u>See</u> 18 U.S.C. § 3585(b)(2). Petitioner contends that such determination supports the finding that he was in exclusive state custody. To the contrary, section 3585(b)(2) requires the BOP to award credit for any time "as a result of any other charge . . . after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3583(b)(2). The time

5

period credited was after the commission of the federal offense (February 13, 1993, Exhibit 7) and the State of Texas did not award such credit.[1]  Accordingly, because the BOP has properly computed Petitioner's sentence, the petition is without merit and should be denied.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DENIED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 11, 2008                    /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] A state's decision not to award prior custody credit is founded upon state law which does not affect primary custody.  Del Guzzi, 980 F.2d at 1270.